UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA,   ) | |
| Plaintiff   ) | |
| ) | |
| v.   ) | CIVIL ACTION NO. 04-30160-KPN |
| ) | |
| ) | |
| MARTIN L. COHEN,   ) | |
| Defendant   ) | |

**COMPLAINT FOR APPROVAL OF MORTGAGE FORECLOSURE
IN ACCORDANCE WITH THE SOLDIERS' AND SAILORS'
CIVIL RELIEF ACT OF 1940**

The United States of America by its attorneys, Michael J. Sullivan, United States Attorney for the District of Massachusetts, and Christopher R. Donato, Assistant United States Attorney, alleges as its complaint that:

1. The District Court has jurisdiction under Section 1345, Title 28, United States Code, over this civil action brought by the United States to obtain an authorization and approval under the Soldiers' and Sailors' Civil Relief Act of 1940 (50 U.S.C.A. App. 532) of the foreclosure of a mortgage.

2. The plaintiff is the United States of America, acting by the Farm Service Agency (formerly the Farmers Home Administration), United States Department of Agriculture. The Farm Service Agency is the owner and holder of a mortgage with statutory power of sale on the property at 38 Paige Road, Leyden, Franklin County, Massachusetts, given by Martin L. Cohen to the Farmers Home Administration. Said mortgage is dated July 16, 1996 and was recorded on July 16, 1996 in the Franklin County Registry of Deeds in Book 3130 at Page 192.

3. The defendant is the only person of record, or otherwise known to the United States, who has an interest in the equity of redemption of the mortgaged property.

4. No defendant is in the military service within the meaning of the Soldiers' and Sailors' Civil Relief Act of 1940.

5. Persons in the military service who are not of record and are unknown to the United States may have an interest in the equity of redemption of the mortgaged property.

6. The United States intends to foreclose the mortgage for breach of its conditions by entry and possession and by power of sale and desires to comply with the Soldiers' and Sailors' Civil Relief Act of 1940.

Wherefore the United States prays that:

(1) No person, whether named as a defendant or not, be permitted to appear or be heard (except on behalf of a person so entitled) in this proceeding unless he files an affidavit (or counsel appearing for him files a certificate) that he is in the military service and is entitled to the benefits of the Soldiers' and Sailors' Civil Relief Act of 1940; and this proceeding be limited to the issues of the existence of persons entitled to the benefits of the Act and of their rights, if any;

(2) An order issue for notice to the defendant, if in the military service and entitled to the benefits of the Soldiers' and Sailors' Civil Relief Act of 1940, and to any other persons so entitled, to appear and answer the complaint if they object to a foreclosure of the mortgage;

(3)  The United States be authorized under the Soldiers' and Sailors' Civil Relief Act of 1940 to foreclose the mortgage by entry and possession and by power of sale; and the foreclosure be subsequently approved as complying with the Act.

                    UNITED STATES OF AMERICA
                    By its attorneys

                    MICHAEL J. SULLIVAN
                    United States Attorney

By: /s/ Christopher R. Donato
     CHRISTOPHER R. DONATO
     Assistant U.S. Attorney
     1 Courthouse Way, Suite 9200
     Boston, MA 02210
     (617) 748-3303

Dated: August 17, 2004